Glenn R. Kantor - SBN 122643
 E-mail: gkantor@kantorlaw.net
Brent Dorian Brehm - SBN 248983
 E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Jill Marrello

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL MARRELLO,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY ,<br><br>Defendant. | Case No.: CV 14-03103 VC<br><br>[PROPOSED] ORDER GRANTING **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**Date:  December 4, 2014**<br>**Time:  10:00 a.m.**<br>**Place:  Courtroom 4, 17th Floor** |

This matter came under the Court's consideration upon the Motion of plaintiff Jill Marrello for leave to file First Amended Complaint. Brent Dorian Brehm, Esq. appeared on behalf of plaintiff Jill Marrello and Erin Cornell, Esq. appeared on behalf of defendant Metropolitan Life Insurance Company (MetLife). The Court, having considered the Motion and the supporting and opposing Memoranda of the parties and good cause appearing therefrom, orders as follows:

IT IS HEREBY ORDERED that plaintiff's Motion is granted in its entirety.  Plaintiff's First Amended Complaint is deemed to be filed as of the date of this order. A copy of the First Amended Complaint is attached hereto as Exhibit 1.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1

1    MetLife shall file responsive pleadings within 21 days of the date of this order. Plaintiff

2    shall serve the amended complaint on the newly added defendant.

3

4    Dated: <u>November 4</u>      , 2014

5    Hon. Vince Chhabria
     U.S. District

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

# EXHIBIT 1

Glenn R. Kantor - SBN 122643
 E-mail: gkantor@kantorlaw.net
Brent Dorian Brehm - SBN 248983
 E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Jill Marrello

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL MARRELLO,<br><br>                    Plaintiff,<br><br>     v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY ,<br><br>                    Defendant. | Case No.:  3:14-cv-03103 VC<br><br>**FIRST AMENDED COMPLAINT FOR:<br>BREACH OF CONTRACT, AND<br>BREACH OF THE EMPLOYEE<br>RETIREMENT INCOME SECURITY<br>ACT OF 1974; ENFORCEMENT AND<br>CLARIFICATION OF RIGHTS;<br>PREJUDGMENT AND POSTJUDGMENT<br>INTEREST; ATTORNEYS' FEES AND<br>COSTS; FAILURE TO PROVIDE PLAN<br>DOCUMENTS UNDER ERISA** |

     Plaintiff, Jill Marrello, herein sets forth the allegations of her Complaint against

Defendants Metropolitan Life Insurance Company ("MetLife") and Dignity Health.

**PRELIMINARY ALLEGATIONS**

     1.     Plaintiff brings this action for declaratory and monetary relief pursuant to

§§502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §§1132(a), (e), (f) and (g), as it involves a claim by Plaintiff for employee

benefits under an employee benefit plan regulated and governed by ERISA. Jurisdiction is

predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

question. This action is also brought under 29 U.S.C. §§ 1132(a)(1)(A) and subsection (c) of ERISA as it involves a claim by Plaintiff for Dignity Health's failure to provide Plaintiff her requested information pursuant to 29 U.S.C. subsection (c).

2.     The first cause of action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan insured and administered by MetLife. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

3.     The second cause of action is brought for the purpose of obtaining an Order of production of the requested documents and statutory penalties imposed for failing to provide said documents, prejudgment and post-judgment interest, and for attorneys' fees and costs.

4.     Plaintiff was at all times relevant, an employee of Dignity Heath and a resident in the County of San Joaquin, State of California.

5.     Plaintiff is informed and believes that Dignity Health is a corporation with its principal place of business in the State of California, authorized to transact and transacting business in the Northern District of California.  Dignity Health has established an employee benefit plan governed by ERISA ("LTD Plan") under which it pays long term disability benefits to eligible employees. Dignity Health is the Plan Administrator as defined under ERISA 29 U.S.C. § 1001(16)(A) and is also a Plan fiduciary as defined under ERISA.

6.     Plaintiff is informed and believes that Dignity Health funded its LTD Plan via the purchase of a group long term disability policy from MetLife.

7.     Plaintiff is informed and believes that MetLife identifies the group long term disability policy it issued to the Dignity Health LTD Plan via the employer report number of 122288.

8.     Plaintiff is informed and believes that the subject group long term disability policy, ("MetLife report Number 122288") was delivered to Dignity Health within the Northern District of California.

2

1    9.    Plaintiff is informed and believes that the subject group long term disability policy,

2    ("MetLife report Number 122288") was issued or renewed on or after January 1, 2012.

3    10.    Plaintiff is informed and believes that the subject group long term disability policy,

4    ("MetLife report Number 122288") has an annual January 1 anniversary date.

5    11.    Plaintiff is informed and believes that the subject group long term disability,

6    ("MetLife report Number 122288") was issued with the intent to insure employees of Dignity

7    Health who resided within the State of California.

8    12.    Plaintiff is informed and believes that MetLife is a corporation with its principal

9    place of business in the State of New York, authorized to transact and transacting business in the

10   Northern District of California and can be found in the Northern District of California. MetLife is

11   the claims administrator and insurer of the long term disability benefits under the LTD Plan and

12   acted in the capacity of a plan administrator with respect to the LTD Plan. At some or all relevant

13   times, Defendant MetLife was a fiduciary of the LTD Plan within the meaning of ERISA §3(21),

14   29 U.S.C. §1001(21), in that MetLife acted as claims fiduciary for the LTD Plan, and exercised

15   authority and control over the payment of long-term disability benefits, which are assets of the

16   LTD Plan. MetLife is also the "appropriate named fiduciary" of the LTD Plan as described in 29

17   C.F.R. §2560.503(h)(1).

18   13.    Both Defendants operate and, at all relevant times, have done business in this

19   judicial district, in that they cover participants who reside in this judicial district. Thus, venue is

20   proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF

## AGAINST METROPOLITAN LIFEINSURANCE COMPANY

## FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,

## PREJUDGMENT AND POSTJUDGMENT INTEREST, AND

## ATTORNEYS' FEES AND COSTS

## 29 U.S.C. § 1132(a)(1)(B))

27   14.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth

28   herein.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

3

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

15.     At all times relevant, Plaintiff was employed by Dignity Health, and was a covered participant under the terms and conditions of the LTD Plan.  Dignity Health LTD plan was insured by Defendant MetLife, and MetLife was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

16.     During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan.  Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

17.     Pursuant to the terms of the LTD Plan, Plaintiff made a claim to MetLife for LTD benefits under the LTD Plan.  Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan. Plaintiff's medical leave resulting from her disabling condition commenced on June 15, 2012. After leaving work due to a medical condition, Plaintiff submitted a claim for LTD benefits to MetLife. MetLife assigned her claim number 711211086351. Her claim for benefits was denied by MetLife on February 11, 2013.

18.     The Plaintiff appealed the denial in a timely manner. On February 6, 2014, MetLife denied Plaintiff's appeal.

19.     MetLife has breached the LTD Plan in the following respects:

(a)     Failing to pay LTD benefit payments to Plaintiff at a time when MetLife knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits.  Even though MetLife had such knowledge, MetLife denied Plaintiff's LTD benefits;

(b)     Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c)     After Plaintiff's claim was denied in whole or in part, MetLife failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

4

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

(d)     Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

20.     Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

21.     Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

22.     As a proximate result of the aforementioned wrongful conduct of MetLife, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23.     As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

24.     The wrongful conduct of MetLife has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## SECOND CAUSE OF ACTION AGAINST DIGNITY HEALTH
## FOR FAILURE TO PROVIDE REQUESTED PLAN DOCUMENTS

25.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

26.     At all times relevant, Plaintiff was employed by Dignity Health. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of an employee welfare benefit plan provided by Dignity Health and regulated by ERISA. Under the employee benefit plans, Dignity Health provided certain employee insurance benefits to all eligible employees, which included Plaintiff. As a participant under the employee benefit plans,

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1    Plaintiff had a right to request, and receive, certain plan documents from the Plan Administrator,

2    Defendant Dignity Health herein.

3        27.    On June 23, 2014, Plaintiff, through counsel, made a written request to Dignity

4    Health for a copy of all employee benefit plan documents, including but not limited to the

5    disability insurance plans and life insurance plans. Plaintiff in this correspondence requested the

6    documents be provided within thirty days and stated the request was made pursuant to ERISA,

7    under the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(b) and (h)(iv).

8        28.    On June 23, 2014, Plaintiff caused this written request to be mailed to Dignity

9    Health via certified mail. Plaintiff received confirmation that the written request for plan

10   documents was delivered to Dignity Health. Under the ERISA statute, Dignity Health was

11   required to provide the requested documentation to Plaintiff within 30 days after the date of the

12   request.

13       29.    The thirty days has expired and Dignity Health has not responded to the request or

14   submitted the requested documentation to the Plaintiff.

15       30.    As a proximate result of the aforementioned wrongful conduct of Dignity Health in

16   failing to provide the requested documentation to Plaintiff, Plaintiff requests an order that the

17   requested documents be produced. Plaintiff is also entitled to daily statutory damages for every

18   day that the documents were and have not been provided as well as prejudgment and post-

19   judgment interest on any such damages, in a total sum to be shown at the time of trial.

20       31.    As a further direct and proximate result of this improper determination regarding

21   Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs

22   and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs

23   paid by Defendant(s).

24                        **REQUEST FOR RELIEF**

25       WHEREFORE, Plaintiff prays for relief against MetLife as follows:

26       1.    Payment of disability benefits due Plaintiff up to and including the date of

27   Judgment;

28

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

2.      An order declaring that Plaintiff is entitled to immediate payment of all past due benefits, reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.      In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff prays for relief against Dignity Health as follows:

1.      Production of the requested documentation to Plaintiff and payment of the daily statutory penalty for each day beyond the 30 days by which Dignity Health should have provided the documents to Plaintiff.

2.      Pursuant to 29 U.S.C. section 1132(g) for all costs and attorney incurred in pursuing this action;

3.      Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4.      For such other and further relief as this Court deems just and proper.

DATED: October 21, 2014                          KANTOR & KANTOR, LLP


By:      /s/ Brent Dorian Brehm
         Glenn R. Kantor
         Brent Dorian Brehm
         Attorneys for Plaintiff, Jill Marrello

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

7

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT